BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-06-0028-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 26, 2006


______________________________



DARRELL JEROME HOLT,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 287th DISTRICT COURT OF PARMER COUNTY;



NO. 2682; HON. GORDON H. GREEN, PRESIDING


_______________________________



ABATEMENT AND REMAND


__________________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Darrell Holt (appellant) appeals his conviction for driving while intoxicated. After we
granted appellant a prior extension, his brief was due no later than April 18, 2006 (a date
requested by appellant's counsel). No brief has been received by this court. Nor has
appellant explained the delay. 

 Consequently, we abate the appeal and remand the cause to the 287th District
Court of Parmer County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

 1. whether appellant desires to prosecute the appeal; and,


 2. whether appellant has been denied the effective assistance of
counsel due to appellate counsel's failure to timely file appellate brief. 
See Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83
L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled
to the effective assistance of counsel on the first appeal as of right
and that counsel must be available to assist in preparing and
submitting an appellate brief). 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court's findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before May 26, 2006. Should additional
time be needed to perform these tasks, the trial court may request same on or before May
26, 2006.

 It is so ordered.

 Per Curiam

Do not publish.



, and the trial judge, considering 
the enhancements, assessed appellant's punishment at thirty years imprisonment in a state
jail facility. Appellant subsequently filed a notice of appeal.

 By her Anders brief, counsel concedes two grounds that could arguably support an
appeal. The first is whether sufficient evidence was presented to support the conviction
and judgment. When reviewing a factual sufficiency claim, an appellate court must view
all the evidence "without the prism of 'in the light most favorable to the prosecution'" and
set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex.Cr.App. 1996)
(quoting Stone v. State, 823 S.W.2d 375, 381 (Tex.App.-Austin 1992, pet. ref'd, untimely
filed)). We must determine, considering all of the evidence in a neutral light, whether the
jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State, 144
S.W.3d 477, 484 (Tex.Cr.App. 2004).

 We agree with counsel's conclusion that the State presents evidence as to each
element of the charged offense. The State's evidence consists of a videotape recorded by
a camera in the arresting officer's vehicle and breath sample results from the police
intoxilyzer. There is also testimony from three eyewitnesses, the arresting officer, and the
supervisor of the DPS breath alcohol testing program. The jury, as trier of fact, may
choose to believe all, some, or none of any witness's testimony. Sharp v. State, 707
S.W.2d 611, 614 (Tex.Cr.App. 1986). A jury's decision is not manifestly unjust merely
because it resolved conflicting views of evidence in favor of the State. Cain v. State, 958
S.W.2d 404, 410 (Tex.Cr.App. 1997). Upon review of the record, we conclude the
evidence was factually sufficient to support appellant's conviction beyond a reasonable
doubt.

 We also find that appellant was afforded effective assistance of counsel. See
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In her brief, counsel asserts
that trial counsel used a viable strategy to discredit the eyewitness testimony and the
administration and reliability of the tests used to determine if appellant was intoxicated. 
Appellant's trial counsel also filed and succeeded on several pre-trial motions, conducted
proper voir dire, and vigorously cross-examined witnesses. Furthermore, trial counsel was
able to get the 911 audio tape and portions of the police videotape excluded from the
evidence entirely. Accordingly, we find counsel's conduct in this case falls within the wide
range of reasonable and professional representation, and no reversible error is
demonstrated. See Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v.
State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). 

 We have made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).